UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **SERINA AGENT,**<br>Plaintiff<br><br>vs<br><br>**BUFFALO VALLEY, INC.,**<br>Defendant | Case No. 1:13-0133<br><br>Hon. Bryant<br><br>JURY DEMAND |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to LR 16.01(d), the following Initial Case Management Plan is adopted.

1. **Jurisdiction**: This Court has jurisdiction under 28 U.S.C. §1331 (federal question), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq, and 28 U.S.C. §1343(a)(4) (protection of civil rights). Jurisdiction for state law claims is pursuant to 28 U.S.C. §1367. Jurisdiction is not disputed.

2. **Plaintiff's theory of the case**: The plaintiff was sexually assaulted and harassed by a coworker while employed with the defendant company. Although Defendant was aware that Plaintiff had a learning disability that made it difficult for her to read, no one ensured that she was aware of any sexual harassment policy or confidential process to complain of workplace harassment. Additionally, Defendant failed to post any EEO required notices directing employees on how to complain. Nonetheless, Plaintiff complained about her coworker sexual harassment to a supervisor, as the defendant admits, who said he would "take care of it". As a result of the sexual harassment, Plaintiff avoided the buildings where her harasser was at or ask other workers to accompany her. Eventually, the plaintiff was effectively terminated by Defendant by not having her listed for any work hours.

3. **Defendant's theory of the case**: The defendant believes no sexual harassment took place. While the plaintiff did make a skeleton charge devoid of specifics, it did not rise to the level of sexual harassment. Nevertheless, the Defendant promptly investigated the

1

charge and found it to be groundless. The defendant did nothing of retaliation related to the plaintiff's "report". Defendant did not fail to post EEO required notices directing employees on how to complain.

4. **Identification of the issues**: The issues that remain are liability and damages. No issues have been resolved.

5. **Anticipated claims or issues**: There are no anticipated claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure. Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

6. Initial Disclosures and Staging of Discovery:

    a. The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date of the initial case management conference.

    b. All discovery shall be completed by **October 11, 2014**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved. Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Court.

    c. Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Sub-parts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01(a), Local Rules of Court (effective April 12, 2012) shall govern.

    d. Counsel for the parties shall accept service of discovery by electronic mail attachment in PDF format, in addition to any other format as agreed (e.g. Word or WordPerfect), sent to opposing counsel's email address with read receipt requested who shall then accept such electronic service in lieu of the delivery of

printouts or other physical copies. The attorney served in such manner shall send a reply email acknowledging receipt.

7. Dispositive motions:

   a. All dispositive motions shall be filed by **December 10, 2014**. Any response and supporting material shall be filed not later than fourteen (14) days after service of the motion, except that in cases of a motion for summary judgment, the time shall be thirty (30) days after the service of the motion. A optional reply memorandum may be filed not later than seven (7) days after service of the response. Briefs are limited to 25 pages and the reply, if a reply is filed, is limited to five pages, absent Court permission for excess pages.

   b. There shall be no stay of discovery pending disposition of any motions.

8. Subsequent case management conferences: A subsequent telephonic case management conference is set for **September 11, 2014**, at __9:30 a.m__. Counsel for the plaintiff shall initiate the call.

9. Alternate dispute resolution: A mediation report shall be filed by **August 11, 2014**.

10. Target trial date: This case is set for a jury trial and is expected to last no more than three days. The parties request a target trial date in **May 2015.** Trial will be set by separate order.

It is so ORDERED:

                                                                 s/ John S. Bryant
                                                                 John S. Bryant
                                                                 U.S. Magistrate Judge

APPROVED FOR ENTRY:

| /s/ Jerry Gonzalez | /s/ Douglas Bates by JG with permission |
|---|---|
| Jerry Gonzalez (18379) | Douglas Thompson Bates, III (002647) |
| 2441-Q Old Fort Parkway | P.O. Box 1 |
| No. 381 | Centerville, TN 37033 |
| Murfreesboro TN 37128 | dtbates3@bellsouth.net |
| 615-360-6060 | 931-729-4085 |
| jgonzalez@jglaw.net | |
| | Attorney for Defendant |
| Attorney for Plaintiff | |