IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

SERINA AGENT            )
                        )
v.                      )      No. 1:13-0133
                        )      Magistrate Judge Bryant
BUFFALO VALLEY, INC.    )


# MEMORANDUM AND ORDER

Currently pending in this consent case are defendant's motion for summary judgment (Docket Entry No. 36) and motion to strike the plaintiff's affidavit (Docket Entry No. 53-1), as well as plaintiff's motion to strike the affidavit of Beau Herring and the exhibits attached thereto (Docket Entry No. 44). As explained below, the motions to strike are DENIED, and the motion for summary judgment is GRANTED in part and DENIED in part.


## I.

The Court will first take up the motions to strike. Such motions are disfavored, and typically only apply to pleadings, not evidentiary offerings such as affidavits. See generally Fed. R. Civ. P. 12(f); Fox v. Michigan State Police Dept., 173 Fed. Appx. 372, 375 (6th Cir. Feb. 24, 2006); Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953). In any event, as regards the Herring affidavit and exhibits submitted in support of defendant's motion for summary judgment, the Court will deny summary judgment as explained below, and will consider the arguments pertaining to the documentary exhibits in ruling on plaintiff's motion in limine seeking their exclusion (Docket Entry No. 59). As regards plaintiff's affidavit, the motion to strike is not well taken.

The Court agrees with plaintiff's position that defense counsel's questioning at deposition was not comprehensive enough to elicit testimony as to the entire realm of verbal and physical conduct complained of and characterized as sexual harassment, so as to render contradictory the subsequent affidavit testimony which provides additional details of the alleged harassment. This is particularly so in light of the level of detail first provided by plaintiff in the allegations of her complaint. (Docket Entry No. 1 at ¶¶ 5-8) Plaintiff was not rigorously questioned about these events at deposition, and was under no obligation to volunteer additional information at that time, and so is not constrained by her deposition testimony in defending the instant summary judgment motion with the affidavit in question.

For these reasons, the motions to strike (Docket Entry Nos. 44 & 53-1) are DENIED.

II.

As to defendant's motion for summary judgment, Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The burden lies upon the moving party to show that there are no genuine issues of material fact. Id. at 323. Alternatively, the moving party can satisfy this initial burden "by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." Street v. J. C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). Once the movant meets this burden, the burden shifts to the nonmovant "to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear that burden of proof at trial." Id. at 322. Merely alleging a factual dispute alone is not enough to overcome a motion for summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rather, "there must be evidence on which the jury can reasonably find for the plaintiff." Id. at 252. In other words, "[t]he central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Spadafore v. Gardner, 330 F.3d 849, 852 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 242, 251-52).

Defendant first argues that the statute of limitations has run on plaintiff's claims under the Tennessee Human Rights Act (THRA), Tenn. Code Ann. § 4-21-101 et seq. The THRA provides that "[a] civil cause of action under this section shall be filed ... within one (1) year after the alleged discriminatory practice ceases...." Tenn. Code Ann. § 4-21-311(d). Furthermore, this limitations period is not tolled while administrative charges are pending before the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission. Martin v. Boeing-Oak Ridge Co., 244 F.Supp.2d 863, 871 (E.D. Tenn. Dec. 12, 2002). Plaintiff has asserted two claims under the THRA, one for discrimination in the form of a hostile work environment and one for retaliation. (Docket Entry No. 1 at 4) Plaintiff's complaint was filed on October 23, 2013. Although many material facts are disputed in this case, it is undisputed that plaintiff was not exposed to the work environment (hostile or otherwise) at Buffalo Valley within the year preceding the filing of her complaint, i.e., on or after October 23, 2012. See Docket Entry No. 46-2, Affidavit of Serina Agent. According to her affidavit, the last day that plaintiff was

physically on the premises at Buffalo Valley was October 6, 2012 (id. at 3 ¶ 17), and the last day that she spoke via telephone with someone on the premises was October 15, 2012 (id. at 4 ¶ 20). Accordingly, the Court finds that plaintiff's hostile work environment claim under the THRA is time-barred.

As to the timeliness of plaintiff's retaliation claim under the THRA,[1] defendant argues that any alleged retaliatory activity must have ceased when plaintiff stopped actually performing work at Buffalo Valley, more than one year prior to the filing of her complaint. Plaintiff responds by arguing that the materially adverse employment action she suffered in retaliation for complaining of sexual harassment included her demotion from full-time to part-time/on-call status; defendant's continuing refusal to schedule her for any part-time shifts or call her in to work; and her "final termination" from part-time/on-call status near the end of November 2012, by order of John Smith. (Docket Entry No. 46 at 26-27) These events are alleged in plaintiff's complaint as one, continuing act of retaliation. (Docket Entry No. 1 at 4 ¶ 26) However, if there was a "final termination" -- there is a material factual issue for the jury to resolve as to whether plaintiff resigned her position or was terminated -- then that termination is a discrete discriminatory act which "'ceases' as of the time it occurs." Booker v. The Boeing Co., 188 S.W.3d 639, 645 (Tenn. 2006). Likewise, plaintiff's demotion from full-time to part-time/on-call status is a discrete discriminatory act which ceased at the time that it occurred and plaintiff was given notice of it, on or around October 11, 2012 (Docket Entry No. 46-2, Agent Aff. at ¶ 19). The failure to schedule any work for plaintiff

---

[1] "Discriminatory practices" redressible under the THRA include "retaliat[ing] or discriminat[ing] in any manner against a person because such person ... has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter[.]" Tenn. Code Ann. § 4-21-301(a)(1).

4

following her demotion to part-time/on-call status is not properly characterized as part of any continuing discriminatory practice, but is merely a consequence of the discrete act of her demotion. Since "[a] discrete discriminatory act 'ceases' as of the time it occurs, not as of the time the consequences of the act cease," Booker, supra, and because it is undisputed that plaintiff was demoted more than one year before the filing of her complaint, the Court finds that plaintiff's THRA claim for retaliation based on her demotion is time-barred. It will be for the jury to decide whether and when plaintiff was terminated, so as to determine whether a timely THRA claim is asserted at all.

Next, with respect to plaintiff's Title VII claim of hostile work environment discrimination, defendant argues that plaintiff's deposition establishes that the harassment she claims to have endured was not sufficiently severe or pervasive to create such a hostile work environment. However, as explained above in reference to the denial of the motion to strike plaintiff's affidavit, plaintiff is not limited to the events described in her deposition testimony in making her case for unlawful sexual harassment. In its reply brief, defendant concedes that plaintiff's affidavit testimony is sufficient to establish a triable issue of a sexually hostile work environment. (Docket Entry No. 50 at 2) ("If the motion to strike [plaintiff's affidavit] is granted there is insufficient testimony to support a hostile environment[.]"). The Court so finds.

Defendant next argues that plaintiff has failed to establish a triable issue of pretext in response to defendant's legitimate, non-retaliatory reason for demoting her from full-time employment. Defendant's proffered reason for reducing plaintiff's hours is that it was done as part of an overall reduction in force, in response to the relatively low census of patients at Buffalo Valley during the late summer of 2012. However, plaintiff responds to

5

this showing with the deposition testimony of Beau Herring, her supervisor who: (1) made the decision to change plaintiff's employment status without need of approval from any higher authority, (2) could not identify any other members of the security team except plaintiff who were chosen for layoff or reduction in hours, (3) made the decision to reduce plaintiff's hours without regard to her seniority or any other objective criteria, and (4) kept no written record of his reasons for selecting plaintiff for demotion/reduction in hours. (Docket Entry No. 46-1 at 121-23) The Court finds that this showing, combined with plaintiff's prima facie showing of circumstantial evidence in support of her retaliation theory, is sufficient to create a genuine issue of material fact on the issue of pretext.

Finally, defendant argues that "Plaintiff's front pay is cut off by the after acquired evidence rule." (Docket Entry No. 36-1 at 4) This contention is explained as follows: "Plaintiff's deposition establishes that plaintiff was on Social Security disability and was not telling the Social Security Disability Office that she was working and had been working. Defendant would have terminated plaintiff for this fraudulent activity had they known of it." Id. Plaintiff argues that this issue of remedies is not suited to resolution on summary judgment. In view of this argument, as well as the pending motion in limine addressed to the issue of this after-acquired evidence of plaintiff's receipt and subsequent order to repay disability benefits (Docket Entry No. 60), the Court will reserve ruling on this issue.

As described above, this case is rife with material factual issues which must be resolved by the jury. Accordingly, defendant's motion for summary judgment is GRANTED with respect to plaintiff's THRA claims of hostile work environment and retaliatory demotion, on statute of limitations grounds; the motion is otherwise DENIED.

So **ORDERED.**

                                                    s/ John S. Bryant
                                                   JOHN S. BRYANT
                                                   UNITED STATES MAGISTRATE JUDGE